IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACQUELINE CURRY,

        Plaintiff,                              No. CIV S-10-2592 JAM EFB PS

        vs.

THE PERMAMENTE MEDICAL
GROUP, INC.,

        Defendant.                          <u>ORDER</u>
_____/

        Currently noticed for hearing on April 11, 2012 is plaintiff's motion to compel defendant the Permanente Medical Group, Inc. ("TPMG") to produce documents and respond to plaintiff's discovery requests. Dckt. Nos. 49, 50. TPMG opposes the motion, arguing *inter alia* that although it "is unable to decipher which of the four sets of document requests Plaintiff is referencing in the instant motion, [it] maintains that it has fully and completely responded, to the extent possible, to each of the requests propounded by Plaintiff." Dckt. No. 51 at 4. The declaration of counsel attached to TPMG's opposition adds that plaintiff did not contact defense counsel "to arrange a conference to resolve her discovery issues." Dckt. No. 51-1, McNamara Decl., ¶ 3.

        Local Rule 251(b) provides that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences." E.D. Cal. L.R. 251(b). The Rule

further provides that "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." *Id.* Additionally, Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Upon review of plaintiff's motion and TPMG's opposition thereto, it is apparent that the parties have not adequately met and conferred regarding the discovery issues at hand. The parties also have not filed a Joint Statement Re Discovery Disagreement, as required by Local Rule 251(c).[1] The court believes that much of the dispute between the parties might have been resolved prior to the filing of the present motion to compel had the parties had a meaningful discussion either in person or telephonically regarding the discovery requests at issue.

Accordingly, plaintiff's motion to compel is denied without prejudice, and the April 11, 2012 hearing thereon is vacated. *See* E.D. Cal. L.R. 251(b). The parties are directed to meet and confer either telephonically or in person in an effort to resolve this dispute without court intervention. If such meet and confer efforts do not resolve the discovery dispute, plaintiff may re-notice the motion to compel for hearing. In any re-noticed motion, plaintiff shall specifically identify what discovery requests are at issue. The parties shall thereafter prepare and plaintiff shall file a Joint Statement Re Discovery Disagreement in accordance with Local Rule 251(c).

SO ORDERED.

DATED: April 6, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Nor have defendants completely failed to respond to plaintiff's discovery, and plaintiff is not just seeking sanctions in his motion to compel. E.D. Cal. L.R. 251(e).